UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No: 3:18-cv-218

HUMAN RIGHTS DEFENSE CENTER,

Plaintiff,

IRWIN CARMICHAEL, SHERIFF OF MECKLENBURG COUNTY, ET. AL,

Defendants.

# CONSENT DECREE

The parties to this action stipulate to and request entry of a consent decree by the court as follows:

1. On April 24, 2018, Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") filed suit in the above entitled matter seeking injunctive and declaratory relief, damages, and attorney's fees and costs. Plaintiff's complaint alleges an unlawful and unconstitutional custom, practice, or policy regarding the delivery of incoming publications and correspondence to prisoners by the Mecklenburg County Sheriff's Office ("MCSO") at Mecklenburg County Jail Central and Jail North. The complaint alleges violations of the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and seeks injunctive and declaratory relief, money damages, attorney's fees, and legal costs. MCSO and the Defendants to the above entitled matter deny that they have violated the Plaintiffs constitutional rights. The Parties acknowledge that this Consent Decree is entered into in compromise of disputed claims, and the Consent Decree is not to be construed as an admission of liability by the Defendants, or MCSO.

2. On April 24, 2018, Plaintiff filed a motion for preliminary injunction and related pleadings seeking immediate relief as to both the First and Fourteenth Amendment claims.

3. On May 31, 2018, Defendants responded to the Complaint.

4. The parties now seek an Order of the Court resolving all of Plaintiff's claims for equitable relief, which include Plaintiff's First Amendment claim for equitable relief on the issue of Plaintiffs freedom to speak to prisoners by sending them publications via U.S. Mail, and the Plaintiff's Fourteenth Amendment claim for equitable relief on the issue of notice to Plaintiff and prisoners related to the rejection of publications and/or placement of Plaintiff's publications on MCSO's banned publications list. MCSO will remove any current publications, if any, from HRDC from its banned publications list and allow for the delivery of the same pursuant to the terms herein.

5. MCSO continues to deny any liability for the non-delivery of HRDC publications, if any, or for the denial of due process notice and opportunity to be heard prior to or after the filing of this lawsuit as required under the First and Fourteenth Amendments respectively.

6. The parties stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

7. The parties acknowledge that they have been represented by legal counsel with respect to the matters that are the subject of this Consent Decree and that they have entered into this Consent Decree freely and voluntarily.

8. As used herein, "prisoner" shall mean any individual, regardless of pre-trial status, post-conviction status, or any other status, who is incarcerated at the Mecklenburg Jail Central and Jail North or any other facility under the control of the Mecklenburg County Sheriff's Office.

9. As used herein, "publication" shall mean any book, magazine, newspaper, pamphlet, newsletter, brochure, article, periodical or any other type of printed literature of any kind, which is published or distributed by the Plaintiff or its publishing arm, Prison Legal News, or any other publisher. The parties agree that the content of the publications or other correspondence sent to prisoners to date at the Mecklenburg County Jail by HRDC complies with Sheriff's Office policy.

10. As used herein, "banned publications list" shall mean any enumeration of banned books, magazines, newspapers pamphlets, newsletters, brochures, articles, periodicals, or any other type of printed literature of any kind maintained by MCSO in any form specifying reading materials not permitted for delivery to prisoners.

11. The parties agree that all prisoners shall be able to obtain publications and correspondence through the mail directly from the Plaintiff and other publishers and/or distributors, subject to MCSO's reasonable inspection to ensure that any such publication or correspondence does not present a threat to any of Defendants' legitimate penological interests and violate MCSO's express policy terms on publications and correspondence that are based on those legitimate penological interests. Determinations that any incoming publication or correspondence undermines legitimate penological interest shall be made on a case-by-case basis, and HRDC publications shall not be the subject of a blanket ban without such a case by case determination. The parties further agree that the content of the publications or other correspondence sent to prisoners to date at the Mecklenburg County Jail by HRDC complies with Sheriff's Office policy.

12. The parties agree that if a publication or correspondence is rejected or placed on MCSO's banned publications list after this consent decree is signed, MCSO shall give the prisoner and the sender notice of the rejection or placement within 5 business days of the rejection decision. The notice shall include a description of the refused publication/correspondence, a citation to the

objectionable portion of the publication/correspondence, and a citation to the MCSO rule concerning the way in which the censored speech would threaten one of the defendants' specific legitimate penological interests. The notice shall inform the prisoner of his or her right to file a grievance and appeal any denial of a grievance under the established MCSO grievance policy. The notice shall also inform the sender of their right to appeal the decision, and include the name and address of the person to whom such appeals should be addressed and the date by which appeals must be submitted. MCSO will deliver notice using the Notice to Inmate of Disapproved Publication and Notice to Publisher of Disapproved Publication forms, which are attached to the Motion as Doc. Nos. 17-2 and 17-3.

13. MCSO shall create a process by which senders of mail may appeal the rejection of their materials or the placement of their materials on MCSO's banned publications list. Any such appeal shall be to a person who did not make the initial decision to reject the item(s) or place such item(s) on the banned publications list. MCSO shall render a decision on any such appeal within 15 days of receiving the appeal. MCSO shall retain any rejected item(s) of mail until a final decision on an appeal is rendered, or until the time period for filing an appeal has expired.

14. Within 30 days of the entry of this Consent Decree, MCSO shall email a copy of this Consent Decree to all staff persons employed at the mailrooms of Mecklenburg County Jail Central and Jail North Center and, for a period of 90 days, shall also post paper copies of this Consent Decree in places that are conspicuous to all staff persons and prisoners alike in each and every unit of the Mecklenburg County Jail Central and Jail North Center. No person who has notice of this consent decree shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection, or other artifice. All new prisoners will be given notice of the policy in the appropriate manner.

15. The Court finds that this case concerns the First Amendment rights of the Publisher Plaintiff, not an inmate or prisoner, and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996.

16. The parties agree, and the Court finds, that the prospective relief provided by this Consent Decree is narrowly drawn, extends no further than necessary to correct the violations of the First and Fourteenth Amendments, and is the least intrusive means of doing so.

17. The Court retains jurisdiction of this matter for the purpose of enforcement of its Order and for the disposition of all other claims in Plaintiffs complaint which remain pending.

18. This Consent Decree shall be binding upon and inure to the benefit of the Sheriff of Mecklenburg County, Irwin Carmichael in his official capacity, and his respective successors and assigns.

19. Failure by any party to enforce this entire Consent Decree, or any provision thereof, shall not be construed as a waiver of its right to enforce other provisions of this Consent Decrees or to challenge subsequent violations of this Consent Decree.

**SO ORDERED.**

Signed: June 20, 2018

Graham C. Mullen
United States District Judge